UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>                      Plaintiff,<br><br>vs.<br><br>EXPLICIT WEAR INC., HAROLD MILLER, and JAKARRIE WASHINGTON,<br><br>                      Defendants. | Civil Action No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff PROGRESSIVE CASUALTY INSURANCE COMPANY ("Progressive"), by and through its attorneys, for its complaint for declaratory judgment against defendants EXPLICIT WEAR, INC. ("Explicit"), JAKARRIE WASHINGTON ("Washington"), and HAROLD MILLER ("Miller"), says as follows:

## PARTIES

1. Progressive is a domestic corporation incorporated in the State of Ohio, with its principal place of business in the State of Ohio.

2. Upon information and belief, Explicit is a domestic corporation with its principal place of business in the State of Georgia or California.

3. Upon information and belief, defendant Harold Miller is an individual residing in Pittsfield, Massachusetts and is a citizen of the Commonwealth of Massachusetts.

4. Upon information and belief, Washington is an individual residing in Everett, Massachusetts and is a citizen of the Commonwealth of Massachusetts.

## JURISDICTION

5. There is complete diversity of citizenship between Progressive and all defendants in this matter.

6. The amount in controversy in this action exceeds $75,000.

7. This Court has diversity jurisdiction over the present action pursuant to 28 U.S.C. § 1332, and jurisdiction to render declaratory judgment pursuant to 28 U.S.C. § 2201.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(3) because at least one defendant is subject to personal jurisdiction within this District.

## ALLEGATIONS RELEVANT TO ALL COUNTS

9. This matter arises out of a motor vehicle accident which occurred on September 9, 2021 in Calcasieu Parish, Louisiana on I-10 East, U.S. 90 (the "Accident").

10. Upon information and belief, on September 9, 2021, Washington and Miller were operating a 2018 Hino truck on behalf of and in furtherance of the business of Explicit Wear, Inc., a federally-registered motor carrier.

11. Upon information and belief, Miller and Washington were both co-drivers on a tandem team of drivers assigned to drive the 2018 Hino on behalf of Explicit.

12. Upon information and belief, at or about 12:19 am on September 9, 2021, Washington was driving the 2018 Hino and lost control of the vehicle, resulting in a one-vehicle accident.

13. Upon information and belief, Miller has alleged that he incurred bodily injuries arising out of the Accident.

14. Miller is seeking to recover damages under the Progressive policy.

**FIRST COUNT FOR DECLARATORY JUDGMENT**

15. Progressive restates and reiterates each and every allegation contained in paragraphs 1-13 of the complaint as if restated at length herein.

16. Progressive issued commercial auto policy number 947010310 (the "Progressive policy" or the "policy") to Explicit, which was in effect at all times relevant to the present action.

17. The Progressive policy excludes coverage for damages incurred by employees of any insured arising out of that employee's employment by any insured or the performance of duties relating to the conduct of any insured's business.

18. The policy excludes coverage for damages incurred by employees for bodily injuries caused by a fellow employee of an insured injured in the course of employment or performing duties related to the conduct of an insured's business.

19. At the time of the Accident, both Washington and Miller were "employees" of Explicit within the meaning of the policy and of the federal regulations.

20. Accordingly, Progressive is entitled to judgment declaring that there is no coverage under the policy for any claims for damages incurred by Washington or Miller or anyone else arising from or resulting from the Accident.

WHEREFORE, Progressive demands judgment of this Court, declaring that Progressive has no obligation under its basic policy form to defend or indemnify any person against any liability for damages arising from the Accident, and awarding Progressive costs of suit, attorneys' fees, and such other relief as the Court may deem proper and just.

## **SECOND COUNT FOR DECLARATORY JUDGMENT**

21. Progressive restates and reiterates each and every allegation contained in paragraphs 1-18 of the complaint as if restated at length herein.

22. Upon information and belief, at all times relevant to this action, Explicit Wear was a federally-certificated for-hire motor carrier of property, USDOT census number 3559140.

23. Progressive certified the policy to the United States Department of Transportation ("USDOT") and added the Form MCS-90 to its policy.

24. Pursuant to Progressive's certification of the policy to the USDOT, Progressive agreed to pay any final judgment in certain cases in amounts up to $750,000 recovered against Explicit for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy.

25. The financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 and the Form MCS-90 specifically exclude damages incurred by employees of a federally-authorized motor carrier resulting from an accident in the course of employment-related work.

26. Progressive is entitled to judgment declaring that the MCS-90 endorsement attached to the Progressive policy has no applicability to the underlying loss, and cannot be triggered by any judgment arising out of the Accident.

WHEREFORE, Progressive demands judgment of this Court, declaring that Progressive has no obligation under the financial responsibility requirements of sections 29 and 30 of the Motor Carrier Act of 1980, and all successor statutes and related regulations, to pay any judgment for bodily injury or property damage arising out of the Accident, and awarding Progressive costs of suit, and such other relief as the Court may deem proper and just.

Respectfully submitted,

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

By its attorneys,

*/s/ Gillian A. Woolf*
Gillian A. Woolf, BBO# 656727
BARCLAY DAMON LLP
160 Federal Street, Suite 1001
Boston, MA 02110
(617) 274-2900
gwoolf@barclaydamon.com